## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES R. SCHNECKENBURGER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 16-1018 |
| SECURITAS SECURITY SERVICES USA, INC. and DANIEL LOVELESS, | ) |
| Defendants. | ) |

## O R D E R

This matter is now before the Court on Defendants Rule 12(b)(6) Partial Motion to Dismiss. For the reasons set forth below, the Motion [7] is GRANTED.

### BACKGROUND[1]

Plaintiff, James Schneckenburger ("Schneckenburger"), was hired by Defendant Securitas Security Services ("Securitas") as a security officer in approximately October 2011. Securitas is a nation-wide company that contracts with companies to provide them with security services. At the time of his termination, he was employed by Securitas as the Chief Security Supervisor assigned to the Peoria Public Library and had never received any disciplinary actions. Defendant Daniel Loveless ("Loveless") is an Employee Relations Representative for Securitas.

Schneckenburger alleges that he is disabled based on having worn hearing aids since the age of six and is a senior citizen. At some point during his employment, he was asked by a Library Board Member, Barbara VanAucken, which staff members were not performing their job responsibilities. He gave her the name of an employee he thought was performing poorly and indicated that he didn't think that the Library Director was doing a very good job. He also states

---

[1] Unless specifically noted, the following factual allegations are taken from the Complaint.

that he opposed what he believed to be a civil rights violation by providing information to the IDHR regarding racial discrimination by the Library Director against Monica McClain, an African American. As a result, he claims that the library administration retaliated against him.

On June 18, 2014, Schneckenburger received a written warning and was told that he could no longer work at the Library because an unidentified female staff member reported that he had made a disparaging remark. Although he was offered several options for a new work assignment, he viewed them as unfavorable and declined them because they were not at his level of experience and payed less, resulting in his discharge. He repeatedly asked for the identity of the staff member and the content of the disparaging remark but received no answers until January 9, 2015. At that time, he was told: "A female staff member (no name given) heard me say that if I had a gun I would blow the brains out of a staff member."

On November 5, 2014, Schneckenburger filed a Charge of Discrimination with the Illinois Department of Human Rights, alleging that he had been terminated on the basis of his disability and retaliation for having opposed racial discrimination. His Charge was cross-filed with the Equal Employment Opportunity Commission. After investigation, the IDHR found a lack of substantial evidence in support of the charges made and issued a Right to Sue notice. In April 2015, Schneckenburger filed a Charge of Discrimination alleging age discrimination.

Schneckenburger brought this suit alleging employment discrimination on the basis of his age and disability, as well as retaliation for whistleblowing or engaging in protected activity. Defendant has moved to dismiss the Complaint. This Order follows.

## LEGAL STANDARD

A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). That statement must be sufficient to provide

the defendant with "fair notice" of the claim and its basis. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). This means that (1) the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007); *Twombly*, 550 U.S. at 555. Conclusory allegations are "not entitled to be assumed true." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951-53 (2009) (citing *Twombly*, 550 U.S. 544 (2007)).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Hishon v. King & Spalding*, 467 U.S. 69 (1984); *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467 (7th Cir. 1997); *M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 969 (7th Cir. 1995); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75 (7th Cir. 1992).

**ANALYSIS**

Defendants first argue that Loveless must be dismissed as a party Defendant because the Complaint fails to include any factual allegations demonstrating unlawful conduct by him and, alternatively, because individual employees are not liable under either the ADA or ADEA. *Silk v. City of Chicago*, 194 F.3d 788, 797 (7th Cir. 1999). Schneckenburger's response is that because of his position as the Relations Representative and Senior EEO/AA Compliance Administrator at Securitas, Loveless "possesses valuable knowledge about Securitas Security Services USA, Inc. and its Corporate Responsibilities. He is also cognizant of Title VII, The Civil Rights Acts of 1964, The American [sic] with Disabilities Act and Age Discrimination in

Employment Act." While Loveless may be a valuable and proper witness in this case as a result of his corporate knowledge, that is not equivalent to being liable as a party defendant. Given the clearly established case law in this Circuit holding that individuals cannot be held individually liable under the circumstances alleged in this case, this portion of the Motion to Dismiss is granted, and Loveless is dismissed from the case.

Securitas next argues that to the extent Plaintiff alleges a cause of action based on "hearsay," no such cause of action exists. The Court agrees. Although the assertion that there was no investigation of the alleged misconduct and that his discipline/termination was based solely on hearsay is a valid and potentially powerful argument to be made in his claims that he was discriminated against on the basis of his age or disability, it cannot stand alone as a separate cause of action.

The third ground for dismissal asserted by Securitas is that to the extent Schneckenburger is attempting to state a claim for retaliation under the Illinois Whistleblower Act ("IWA"), it should be dismissed because: (1) statements to a Library Board member do not implicate the IWA, and (2) any statements made to the IDHR would be preempted from stating a claim by the Illinois Human Rights Act ("IHRA"). Plaintiff responds only with the bald assertion that he was retaliated against because he participated in activity protected by Title VII and was also a whistleblower.

The IWA applies to disclosures made in a court, administrative hearing, before a legislative committee, or in any other proceeding "where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." 740 ILCS 174/15(b) (West 2008). As Schneckenburger's statements to the Library Board Member do not qualify as statements to a governmental agency, they cannot support his

whistleblower claim. *Willms v. OSF Healthcare System*, 984 N.E.2d 1194, 1196, 2013 Ill.App.3d 120450 (3rd Dist. 2013).

This leaves the information that he provided to the IDHR concerning "an African American lady, Monica McClain ("McClain"), whom the Library Director, LeAnn Johnson, had discriminated against. . . ." When construed in the light most favorable to Plaintiff, this suggests that he participated in or supported an IDHR investigation of the Library based on a charge of discrimination filed by McClain. Given that this allegation is inextricably intertwined with legal duties created by the IHRA with respect to racial discrimination, the exclusive remedy provisions of the IHRA preempt a separate IWA claim. *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 604 (7th Cir. 2006). Accordingly, the request to dismiss any separate claim for retaliation based on the IWA is granted.

In his Complaint, Plaintiff references a failure to accommodate his disability, namely his use of hearing aids. The ADA provides that an employer discriminates by "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5)(A). The Seventh Circuit has defined the prima facie showing required of an ADA plaintiff for failure to accommodate as follows: (1) he was disabled; (2) the [employer] was aware of his disability; and (3) he was a qualified individual who, with or without reasonable accommodation, could perform the essential functions of the employment position. *McPhaul v. Board of Commissioners of Madison County*, 226 F.3d 558, 566 (7th Cir. 2000), *citing Feldman v. American Memorial Life Ins. Co.,* 196 F.3d 783, 789 (7th Cir 1999). Schneckenburger does not respond to this basis for dismissal, and a review of the Complaint reveals no allegations indicating a request for or nature

5

of any reasonable accommodation of his hearing problems.  The Motion to Dismiss is therefore granted in this respect.

Securitas challenges Plaintiff's ability to bring retaliation claims under the ADA and ADEA based on his failure to exhaust administrative remedies at the IDHR or EEOC.  Securitas cites *Smith v. Lafayette Bank & Trust Co.*, 674 F.3d 655, 658 (7th Cir. 2012) for the proposition that the charge of discrimination must specifically allege retaliation under the same statute as the claim being advanced in the Complaint.  Given that the Charge of Discrimination only references retaliation for having opposed racial discrimination, Securitas contends that Schneckenburger's attempt to plead retaliation under the ADA and ADEA must be dismissed.  Plaintiff has failed to respond to this portion of the Motion to Dismiss, resulting in a concession that the Motion to Dismiss will be granted with respect to his retaliation claims under the ADA and ADEA.

Finally, Defendants seek dismissal of Schneckenburger's ADEA claim, as the ADEA and/or age discrimination were not set forth in EEOC Charge No. 21B-2015-00193/2015SF1085, the November 5, 2014, Charge of Discrimination on which he received a right to sue.  The Right to Sue letter of record in this case refers only to Plaintiff's claims for discrimination under the ADA and retaliation for opposing racial discrimination as set forth in EEOC Charge No. 21B-2015-00193/2015SF1085.  Although it appears that Plaintiff did file a separate Charge of Discriminationin April 2015, EEOC Charge No. 21BA51350/2015SA2927, alleging age discrimiation, there is no Notice of Right to Sue letter of record for that charge.  As the filing of a charge and receipt of a right to sue letter are prerequisites to bringing suit in federal court, the ADEA claim brought by Schneckenburger is unexhausted and must be dismissed. *Jackson v. Mark Twain Hotel*, 2015 WL 7303507 (C.D.Ill. Nov. 19, 2015).  If Schneckenburger has

obtained a right to sue letter on this charge, he may seek leave to file an amended complaint including it and have his ADEA discrimination claim reinstated.

## CONCLUSION

For the reasons set forth above, Defendants' Partial Motion to Dismiss [7] is GRANTED. Daniel Loveless is DISMISSED as a party defendant. Plaintiff's claims based on hearsay, the IWA, failure to accommodate, retaliation under the ADA and/or ADEA, and discrimination under the ADEA are also DISMISSED. His claims for disability discrimination and retaliation for having opposed racial discrimination will proceed. This matter is referred to the Magistrate Judge for further proceedings, including a scheduling conference.

ENTERED this 9th day of May, 2016.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge